LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
**LEON PASKER** Trial Attorney
**Hawaii State Bar No. 8505**
Office of the Solicitor
United States Department of Labor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone:  (415) 625-7743
Facsimile:  (415) 625-7772
e-mail: pasker.leon@dol.gov

Attorneys for Petitioner
HILDA L. SOLIS, Secretary of Labor
U.S. Dept. of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| **HILDA L. SOLIS, Secretary Of Labor, United States Department of Labor,**<br><br>         **Petitioner,**<br><br>v.<br><br>**LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 368,**<br><br>         **Respondent.** | Case No. 09-CV-00512 ACK_BMK<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND RECOMMENDATION OF COURT** |

**FINDINGS OF FACT**

1.  This action is brought to compel Respondent Laborer's International Union of North America, Local 368 ("Local 368") to comply with two administrative subpoenas duces tecum issued and directed to it by Jennifer Bergschneider, District Director, Office of Labor-Management

Standards, Employment Standards Administration, United States Department of Labor (hereinafter "OLMS"), in San Francisco, California.  These subpoenas were issued as part of an investigation conducted pursuant to Section 601 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521 (hereinafter "LMRDA").

    2.   Respondent LOCAL 368's principal place of business is located at 1617 Palama Street, Honolulu, Hawaii.

    3.   At all times relevant to this Petition, OLMS, through its field office in Honolulu, Hawaii, has been conducting an investigation of the July 11, 2009, rerun, supervised election of officers of Respondent LOCAL 368 pursuant to a settlement agreement and Section 601 of the LMRDA, 29 U.S.C. § 521.  The investigation is for the purpose of determining whether any person associated with Respondent LOCAL 368 violated or is violating any provisions of the LMRDA.

    4.   In the course of this legitimate investigation, OLMS investigators sought to obtain various documents and records that Respondent LOCAL 368 was required to maintain pursuant to the General Rules for Electing Officers Laborer's Local 368, including records and information pertaining to Local 368's campaign expenses, as well as other information and records germane to its investigation.  In the course of this same investigation, OLMS investigators

also sought to obtain information pertaining to membership information and telephone numbers.

5. The administrative subpoenas duces tecum at issue in this case were issued in the course of the previously described supervised election investigation of LOCAL 368.

6. As part of the above-described investigation, OLMS, as supervisor of the rerun election, issued a subpoena duces tecum on June 22, 2009, seeking records pertaining to membership information and telephone numbers, in order to provide all candidates with identical access to the membership phone numbers. The administrative subpoena duces tecum required Respondent LOCAL 368 to produce records on June 24, 2009.

7. The list of Local 368 members' telephone numbers as of the date of the aforementioned subpoena on June 22, 2009, is now relevant and material to the legitimate investigation of alleged violations under the LMRDA prior to and during the July, 2009 election. The telephone numbers may be used, if necessary, to cross reference with telephone logs and records.

8. The administrative subpoenas duces tecum issued on July 14, 2009, required Respondent LOCAL 368 to produce records related to complaints concerning the July 11, 2009, supervised election, including information pertaining to

Local 368 campaign and business expenses, timekeeping records, union vehicle logs, travel expenses, cellular telephone subscriber information in the Union's possession, and minutes of meetings from January 1, 2009, through July 14, 2009.  The subpoena was personally served by OLMS on Local 368 on July 15, 2009, and required the Respondent to produce the records by July 24, 2009, which by agreement was extended until July 31, 2009.

9.   On June 24, 2009, Respondent's secretary-treasurer informed OLMS that Respondent would not produce the records requested in the administrative subpoena duces tecum issued on June 22, 2009.  In that conversation, Respondent stated that Local was taking this position on the subpoenas because the issue of member telephone numbers violated the members' privacy rights, and that the general election rules did not require members' telephone numbers in the membership lists be available for candidates' inspection.

10.  On July 27, 2009, and July 30, 2009, counsel for Local 368 informed OLMS that Respondent would not produce the records requested in the administrative subpoena duces tecum issued July 14, 2009.  On July 31, 2009, counsel for Local 368 again refused, in person, to OLMS investigator Pearl Moenahele, to produce the records requested in the administrative subpoena duces tecum issued July 14, 2009.  The substance of the objection was that OLMS had to make a

1  showing of materiality and relevance of the records prior to
2  Local 368 producing the records.
3       11.  On September 25, 2009, counsel for OLMS sent a
4  letter to Respondent's counsel requesting production of
5  documents and information as requested by OLMS in the
6  administrative subpoenas duces tecum.
7       12.  As of the date of the hearing on the Secretary's
8  Petition to Enforce, OLMS has not received from LOCAL 368
9  the documents requested in the administrative subpoenas
10 duces tecum.
11      13.  Petitioner does not intend to publish the
12 telephone numbers or contact the Local 368 members whose
13 telephone numbers may be provided.  However, Petitioner may
14 later contact Local 368 members if necessary to complete the
15 Secretary's legitimate investigation.
16
17                     **CONCLUSIONS OF LAW**
18      1.   The court has subject matter jurisdiction over
19 this Petition pursuant to Sections 9 and 10 of the Federal
20 Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made
21 applicable to the LMRDA by Section 601(b) of the LMRDA, 29
22 U.S.C. § 521(b), 29 U.S.C. § 1331 (federal question
23 jurisdiction), and 29 U.S.C. § 1345 (United States as
24 plaintiff).
25
26
27
28

2. Respondent LOCAL 368 is a "labor organization" within the meaning of Sections 3(i) and (j) of the LMRDA, 29 U.S.C. § 402(i) and (j). LOCAL 368 is subject to the coverage of the LMRDA pursuant to Sections 3(d) and 521(a) of the LMRDA, 29 U.S.C. §§ 402(d) and 521(a).

3. Venue is proper pursuant to 15 U.S.C. § 49 in that the inquiry is being carried on within this judicial district.

4. The July 11, 2009, election arising out of the settlement agreement among Local 368, the Laborer's International Union of North America, and OLMS dated August 20, 2008, is analogous to a Court Ordered rerun election under Section 402(c)(2) of the Act, 29 U.S.C. § 482. Therefore, the 60 day time limit to bring a complaint for violations under the LMRDA pursuant to Section 402(b) is not applicable in this matter.

5. The Secretary is not required to demonstrate the relevance and materiality of the production of books, papers, and documents, or the attendance of witnesses subpoenaed as part of a legitimate investigation under the enforcement powers granted to the Secretary under Section 601 of the Act, 29 U.S.C. § 521, to a person or entity being investigated pursuant to the LMRDA.

6. The production of the telephone numbers of the members of the Local 368 at the time of the issuance of the July 14, 2009, subpoena was relevant and material to the legitimate investigation of July 11, 2009, rerun supervised election. If the Secretary determines after reviewing the documents produced under the July 14, 2009, subpoena that the telephone numbers are necessary to cross reference with other telephone records, the Secretary may demand without leave of Court, the telephone numbers requested in the June 22, 2009, subpoena. This method represents the least intrusive method of gaining compliance with the Secretary's compelling government interest in securing compliance with the LMRDA.

**RECOMMENDED ORDER**

The above-captioned matter having come on for hearing on January 20, 2010, on the Petition to Enforce Administrative Subpoenas Duces Tecum of the Petitioner Hilda L. Solis, Secretary of Labor, ("Secretary" or "Petitioner") against the Respondent Laborer's International Union of North America, Local 368 ("LOCAL 368"), and the Court having considered the Petition and Opposition and Reply thereto, and exhibits in support thereof, having heard counsel for both parties, and being otherwise fully advised, it is ORDERED, ADJUDGED, AND DECREED that:

1. The Petitioner's Petition is **GRANTED**;

2. Respondent shall immediately produce to the Petitioner all documents and things demanded in the July 14, 2009 subpoena issued by the District Director, OLMS;

3. Following Petitioner's review of the documents and things demanded in the July 14, 2009, subpoena and upon a determination by the Petitioner that the telephone numbers demanded in the June 22, 2009 subpoena issued by the District Director, OLMS, are necessary and required to cross reference with those telephone records demanded in the July 14, 2009 subpoena, the Petitioner shall notify the Respondent and the Respondent shall produce the telephone numbers requested, without leave of Court; and

4. Respondent's motion for a protective order is denied without prejudice.

Dated: Honolulu, Hawaii, February 2, 2010.

/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

HILDA L. SOLIS V. LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 368; CV. NO. 09-00512 ACK-BMK; FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND RECOMMENDATION OF COURT